UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATHANIEL BIBBS, et al., | Case No. 2:23-cv-2792 |
| Plaintiffs, | |
| vs. | District Judge Sarah D. Morrison |
| | Magistrate Judge Kimberly A. Jolson |
| JPAY, LLC., et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiffs Nathaniel Bibbs and Ronald Leeks, prisoners at the Allen Correctional Institution, have filed a pro se civil rights complaint against Defendants JPay L.L.C. and ViaPath Technologies pursuant to 42 U.S.C. § 1983. Plaintiffs have paid the full filing fee.

The complaint was initially submitted by Steven Abdul-Azziz El Bey, who purported to sign the complaint as "Amicus Curiae." (*See* Docs. 1, 4). El Bey has since submitted a "Certificate of Lay Advocacy," and a Motion for an Emergency Temporary Restraining Order, which were not signed by the Plaintiffs to this action. (*See* Docs. 6, 7). As the Court has previously noted (*See* Doc. 4 at PageID 23–24), an individual my appear in federal court only pro se or through legal counsel. 28 U.S.C. § 1654. Rule 11 of the Federal Rules of Civil Procedure further requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a). Pleadings not signed on behalf of a party or licensed attorney are subject to dismissal. *See, e.g., Keyway Leasing Trust v. U.S.*, No. 1:98-cv-796, 1999 WL 810386, at *2 (W.D. Mich. Aug. 26, 1999); *Lawton v. Medevac Mid-America, Inc.*, 138 F.R.D.

586, 588 (D. Kan. 1991). El Bey does not provide an Ohio Bar number or otherwise appear to be an attorney licensed to practice law in the State of Ohio.[1] Accordingly, El Bey is unable to represent the named Plaintiffs in this action.

This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

### Screening of Plaintiffs' Complaint

**A. Legal Standard**

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328–29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

---

[1] *See* The Supreme Court of Ohio Attorney Directory Search, available at https://www.supremecourt.ohio.gov/AttorneySearch/#/search.

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Allegations

Plaintiffs allege that on or about February of 2013, Defendant JPay L.L.C. entered into contracts with the Ohio Department of Rehabilitation and Correction (ODRC) to install kiosk machines in ODRC facilities and sell JPay tablets to inmates. (Doc. 5 at PageID 28). The kiosks enabled inmates to purchase, download, and sync music, games, photos, e-books, and emails to the tablets. According to Plaintiffs, the JPay tablets were sold to inmates from 2013 through the fall of 2022 for $130 to $175, "with the false pretense that inmates would have their tablets for the life of the tablet as well as the opportunity to purchase and own digital content up to and including the duration of their incarceration." (*Id.* at PageID 29).

Plaintiffs assert that after purchasing a tablet and digital content "under the pretense that this digital content was being purchased for the use and permanent at will access," the ODRC informed inmates that they would no longer be permitted to possess the JPay tablets. (*Id.*). According to Plaintiffs, Defendant ViaPath Technologies "would take over the contract with JPAY and ODRC, and then they would force inmates to relinquish the JPAY tablets along with their purchased digital content in the inmates possession that they purchased in order to distribute VIAPATH's tablets where they themselves own all of the content and the inmates are forced to rent the content monthly." (*Id.*). Plaintiffs indicate that as part of the transition to ViaPath tablets inmates were given the choice to send their purchased JPay tablet home or to turn it in to designated staff members for a credit. (*See id.* at PageID 28). After September 31, 2023, Plaintiffs indicate that the phased-out JPay tablets would be considered contraband. (*Id.* at PageID 30).

Although Plaintiffs indicate that they were informed that previously purchased music would be transferred and downloaded to new tablets, Plaintiffs and others have failed to receive the content. (*Id.* at PageID 29). Plaintiffs further contend that not all inmates were able to

4

download purchased content onto their tablets before the JPay kiosks were removed and none of the purchased games are being returned to inmates, instead requiring inmates to pay for a game subscription. (*Id.* at PageID 29–30, 32). Plaintiffs maintain that they have never consented to "having their property illegally taken away" from them and were not affirmatively presented with JPay's terms of service prior to purchasing a JPay tablet. (*Id.* at PageID 31).

Based on the above factual allegations, Plaintiffs purport to bring a class action under 42 U.S.C. § 1983. Plaintiffs allege that Defendants violated the Federal Trade Commission Act's prohibition of "unfair or deceptive acts or practices in or affecting commerce." *See* 15 U.S.C. § 45(a). Second, Plaintiffs claim that depravation of their property amounted to an unlawful taking prohibited by the Fifth Amendment. Finally, Plaintiffs bring a breach of contract claim against Defendants.

**C. Analysis.**

The complaint is subject to dismissal at the screening stage. *See* 28 U.S.C. § 1915(e)(2)(B).

As an initial matter, the complaint should be limited to alleged violations of Plaintiffs' own rights. To the extent that Plaintiffs have filed a purported class action, "Federal Rule of Civil Procedure 23(a)(4) generally does not permit pro se plaintiffs without legal training to serve as class representatives." *Sanders v. Macauley*, No. 22-1502, 2022 WL 16729580, at *5 (6th Cir. Aug. 10, 2022) (citing *Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (holding that pro se litigants are "inadequate class representatives")). *Cf. Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008). In this case, Plaintiffs have not moved for class certification or otherwise demonstrated that they would be adequate class representatives.[2] *See Sanders*, 2022

---

[2] With respect to the adequacy of representation, Plaintiffs state they intend to retain counsel "highly experienced in complex consumer class action litigation, and Plaintiffs intend to vigorously prosecute this action on behalf of the putative class." (Doc. 5 at PageID 34). However,

5

WL 16729580, at *5 (finding that where the plaintiff "offered no basis from the general rule that pro se plaintiffs are not adequate class representatives, the district court did not abuse its discretion by denying class certification"). *See also White v. Kasich*, No. 2:12-cv-1125, 2013 WL 941440, at *10 (S.D. Ohio Mar. 8, 2013) (Deavers, M.J.) (Report & Recommendation) (explaining that the reason pro se prisoners are generally prohibited from bringing class actions is because they are unable to "adequately to represent the interests of the class"), *adopted,* 2013 WL 1281887 (S.D. Ohio Mar. 27, 2013) (Smith, J.); *Brown v. Collins*, No. 2:07-cv-826, 2008 WL 818793, at *2 (S.D. Ohio Mar. 24, 2008) (Kemp, M.J.; Frost, J.) (citing *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001)) (same); *Marcum v. Jones*, No. 1:06-cv-108, 2006 WL 543714, at *1 (S.D. Ohio Mar. 3, 2006) (Dlott, J.) (and cases cited therein) (holding that the pro se inmate "may bring his own claims to federal court without counsel, but not the claims of others"). Therefore the complaint should be limited to alleged violations of plaintiffs' own federal rights. *Cf. Dodson*, 304 F. App'x at 438. *See also Bradbury v. ODRC*, Case No. 2:23-cv-2355, 2023 WL 6997143, at *1 (Morrison, J.; Deavers, M.J.) (S.D. Ohio Oct. 24, 2023) (finding that the plaintiff "cannot bring class action litigation *pro se*" in a case with similar factual allegations ).

Plaintiffs' claims brought under the Federal Trade Commission Act (FTCA) should be dismissed. As noted above, Plaintiffs assert that Defendants violated § 5 of the FTCA, 15 U.S.C. § 45(a), by employing unfair or deceptive acts or practices. (*See* Doc. 5 at PageID 34–35). However, "there is no private right of action under the FTC Act." *Drake v. Sometime Spouse, LLC*, 784 F. App'x 602, 605 (10th Cir. Aug. 22, 2019) (citing *Am. Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992)). *See also Morales v. Walker Motor Sales, Inc.*, 162 F. Supp. 2d

---

Plaintiffs have not retained counsel to date or otherwise demonstrated a basis for the Court to deviate from the general rule that pro se plaintiffs are not adequate class representatives.

6

786, 790 (S.D. Ohio Sept. 22, 2022) ("Courts have uniformly held that a private right of action does not exist under § 5 of the FTCA.") (collecting cases). Absent a private cause of action, Plaintiffs' claims brought under the FTCA should be dismissed for failure to state a claim upon which relief may be granted. *See Edoho-Eket v. Waifair.com*, No. 17-6509, 2019 WL 2524366, at *2–3 (6th Cir. Jan. 23, 2019) (affirming the dismissal of FTCA claim for failure to state a claim upon which relief may be granted, finding that "Section 5 of the FTCA does not provide a private right of action").

Plaintiffs' claim that Defendants violated the Takings Clause of the Fifth Amendment should also be dismissed. The Takings Clause, which is applicable to the states through the Fourteenth Amendment, provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. Amend. V. *See Brown v. Legal Found. of Washington*, 538 U.S. 216, 231–32 (2003) ("While it confirms the State's authority to confiscate private property, the text of the Fifth Amendment imposes two conditions on the exercise of such authority: the taking must be for a 'public use' and 'just compensation' must be paid to the owner."). In this case, Plaintiffs have not made any allegation plausibly suggesting that their tablets or digital content were taken for a public use. To the contrary, Plaintiffs allege that the tablets were to be traded in or sent home due to a change in ODRC policy and service/media provider. Absent any allegation plausibly suggesting Plaintiffs' property was taken for a public use, Plaintiffs' Fifth Amendment takings claim should be dismissed. *See, e.g.*, *Neives v. Allison*, Case No. 1:22-cv-1020, 2023 WL 5956981, at *3 (E.D. Cal. Sept. 13, 2023) (finding that plaintiff's allegation of a takings clause violation for confiscation of JPay tablets insufficient to state a claim for relief where the plaintiff did not allege the deprivation was for public use) (Report and Recommendation) (pending); *Peterka v. Dixon*, No. 4:21-cv-367, 2023 WL 3402613, at *6 (N.D. Fla. Mar. 17, 2023) (finding

7

that a shared profit between the Florida Department of Corrections and JPay itself to be insufficient to show a taking for public use) (Report and Recommendation), *adopted*, 2023 WL 3124718 (N.D. Fla. Apr. 27, 2023).

To the extent that Plaintiffs contend that the deprivation of their private property amounted to a violation of their federal due process rights, this claim should also be dismissed. In order to state a claim based on the loss of their property, plaintiffs must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under Section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiffs have not alleged any facts even remotely indicating that their remedies under Ohio law to redress the wrong of which they complain are inadequate. Plaintiffs' complaint fails to explain why a state tort remedy for conversion would not suffice to address their claims. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999). *See, e.g.*, *Bradbury v. ODRC*, Case No. 2:23-cv-2355, 2023 WL 6997143, at *1 (Morrison, J.; Deavers, M.J.) (S.D. Ohio Oct. 24, 2023) (dismissing due process claim where JPay tablets were confiscated where plaintiff failed to allege that Ohio's post-deprivation tort remedies are inadequate). Therefore, Plaintiffs fail to state a due process claim that is actionable in this § 1983 proceeding.

8

Finally, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state-law, breach of contract claim. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well). Plaintiffs' state-law contract claims should be dismissed without prejudice. *Bullock v. City of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017) ("Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the claims without prejudice.").

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of Plaintiffs' state-law contract claims which should be **DISMISSED without prejudice**.

2. The Motion for an Emergency Temporary Restraining Order (Doc. 7) be **DENIED**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### NOTICE REGARDING OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either

side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: November 15, 2023  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE